**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC THOMPSON, | No. 23-55743 |
| Plaintiff-Appellant, | D.C. No. 5:23-cv-00138-SSS-SHK |
| v. | |
| RIVERSIDE COMMUNITY COLLEGE DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted June 6, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District Judge.

Plaintiff Eric Thompson appeals the district court's dismissal of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

complaint without leave to amend because the district court determined that collateral estoppel barred Thompson's claims. Because we assume the parties' familiarity with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

    1. The district court appropriately dismissed Thompson's complaint. Claim preclusion bars Thompson from asserting his claims pursuant to 42 U.S.C. § 1983 in federal court. Claim preclusion "extend[s] to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined" in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966). *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994), *as amended* (quoting *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988)). *Utah Construction* requires that (1) "the administrative agency act in a judicial capacity," (2) "the agency resolve disputed issues of fact properly before it," and (3) "the parties have an adequate opportunity to litigate." *Id*. at 1033. Thompson's administrative appeal was conducted in an adversary proceeding before an arbitrator, where the parties could call witnesses to testify under oath, introduce documentary evidence, make opening and closing statements, and hire representation. *See White v. City of Pasadena*, 671 F.3d 918, 927–28 (9th Cir. 2012) (setting forth factors to consider in determining whether an administrative

proceeding is entitled to preclusive effect). Because the arbitrator issued a written opinion, resolving factual questions before him, and because the California state courts reviewed that opinion, the administrative decision is subject to preclusive effect in this action.[1] *See Miller*, 39 F.3d at 1038 ("[W]e reiterate our longstanding policy, arising out of concerns of comity and finality, of respecting state court systems for review of administrative decisions.").

Claim preclusion applies here because the causes of action asserted in the complaint filed in federal court would "involve the same injury to [Thompson]" and thus "the same primary right" as that asserted in the arbitration. *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (applying California law). The primary right asserted in the arbitration was Thompson's right to continued employment. *See Swartzendruber v. City of San Diego*, 5 Cal. Rptr. 2d, 64, 66, 72 (Ct. App. 1992), *disapproved of on other grounds in Johnson v. City of Loma Linda*, 5 P.3d 874, 881 (Cal. 2000).[2] The district court thus appropriately dismissed Thompson's complaint. *See United States v. Charette*, 893 F.3d 1169,

---

[1] The preclusive effect also applies to the individual defendants sued in their official capacities. *See Miller*, 39 F.3d at 1038.

[2] The cases cited by Thompson are either inapposite because they relate to arbitration provisions under collective bargaining agreements not at issue here or simply do not address claim preclusion. *See, e.g., Taylor v. Lockheed Martin Corp.*, 6 Cal. Rptr. 3d 358, 359 (Ct. App. 2003); *Ortega v. Contra Costa Cmty. Coll. Dist.*, 67 Cal. Rptr. 3d 832, 834 (Ct. App. 2007); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Case: 23-55743, 06/11/2024, ID: 12890875, DktEntry: 33-1, Page 4 of 4

4

1175 n.4 (9th Cir. 2018) ("We may affirm on any grounds supported by the record.").

2. The district court did not abuse its discretion by denying leave to amend the complaint. Nothing in Thompson's Opening Brief indicates that the Title VII claim he wishes to assert in an amended complaint would involve a distinct primary right from the right to continued employment. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

**AFFIRMED.**

4